Case 4:13-cv-00993-A Document 9 Filed 03/04/14 Page 1 of 6 PageID 28

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 4 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM P. LACEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-993-A |
| | § | |
| CHARLES E. SAMUELS, JR., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Now before the court is the above-captioned action wherein plaintiff is William P. Lacey, a federal prisoner incarcerated at FCI-Fort Worth, and defendants are Charles E. Samuels, Jr., ("Samuels"),[1] Warden Chandler ("Chandler") of FCI-Fort Worth, Teresa Burns ("Burns"), Head Nurse of the Lubbock Unit, and "all nursing person[n]el." The court has carefully considered the allegations in the complaint, and finds that plaintiff has failed to state a claim for relief against any defendant.

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether the prisoner has paid the full filing fee or is proceeding in forma pauperis. Martin v.

---

[1] Charles Samuels, Jr., is Director of the Bureau of Prisons.

Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for <u>sua sponte</u> dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted).

In the complaint, plaintiff alleged that he is handicapped and uses a wheelchair, and relies on others to assist him with dressing, changing his diaper, getting in and out of bed, and other unspecified tasks. Plaintiff alleged that in June 2013 an inmate care giver named Mosley was changing plaintiff's diaper when Mosley

> put his penis to plaintiff's mouth and ordered his to suck on Mosley's penis when plaintiff refused Mosley would grab plaintiff by the throat and chock him till he almost passed out plaintiff had no choice but to suck inmate Mosley's dick.

Compl. at 1 (errors in original). The complaint further alleges that the nursing staff tell inmate caregivers not to assist plaintiff, so that plaintiff has to pay inmate caregivers for

help, which he does through items purchased from the commissary. Plaintiff seeks relief in the form of 150 million dollars, a prohibition on inmates doing the work of nurses, and a letter of apology from the Bureau of Prisons.

Plaintiff does not state the claims or causes of action he is attempting to assert against any of the defendants. As best the court can tell, it appears that plaintiff is attempting to assert a claim against defendants for failure to protect him from an assault by other prisoners. Such a claim would allege a violation of plaintiff's rights under the Eighth Amendment, and would be properly characterized as a Bivens[2] claim.

The failure of prison officials to protect a prisoner from attacks by other prisoners may, under certain circumstances, constitute cruel and unusual punishment in violation of the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (citations omitted). However, not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To establish an Eighth Amendment violation for failure to protect, a prisoner "must show that he is incarcerated under conditions posing a substantial risk of

---

[2] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Bivens claims may be asserted only against a government official in his or her individual capacity.

serious harm" and that prison officials were deliberately indifferent to the prisoner's safety. Id. at 834. An official acts with the requisite deliberate indifference if he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed," and he actually draws such inference. Id. at 837. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

Plaintiff has failed to establish deliberate indifference. There are no allegations in the complaint that plaintiff ever informed any Bureau of Prisons' personnel that he was concerned for his safety, or that he felt, or had actually been, threatened by prisoner caregivers, or that there was any cause for concern about inmate caregivers' interactions with other patients or with plaintiff in particular. Nor does the complaint allege that plaintiff informed any staff of the attack on him by Mosley. Summed up, no facts are alleged that would show any Bureau of Prisons employees were aware of any risk of harm to plaintiff and disregarded that risk. See, e.g., Mourad v. Fleming, 180 F. App'x. 523, 524 (5th Cir. 2006) (affirming dismissal of prisoner's Eighth Amendment claim of failure to protect him from other prisoners' sexual assault because he failed to allege facts

4

showing defendants knew of, and disregarded, excessive risk to his safety).

Additionally, it is well-settled that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (citation omitted). Thus, to state a claim for relief, plaintiff must allege specific facts describing the acts or omissions of each defendant in the purported constitutional violation. Here, the complaint is lacking facts showing that any of the named defendants knew personally of any risk of harm to plaintiff, and disregarded that risk, or that each of the defendants personally did or failed to do anything else that would amount to a constitutional violation.[3]

Likewise, to the extent that Samuels, Chandler, and Burns are named in their supervisory capacities, such is insufficient to state a claim against them. Supervisors may be held liable for civil rights violations only if they actively participated in the acts that caused the constitutional violation, or if they "implemented unconstitutional policies that causally resulted in plaintiff's injury." Mouille v. City of Live Oak, Tex., 977 F.2d

---

[3] The court does not read the complaint to allege a failure to provide medical care. Plaintiff does not contend that Bureau of Prisons staff have failed to provide him any care or treatment, and the complaint alleges that after plaintiff was found in his cell following his suicide attempt, he was taken to the hospital for care and treatment.

5

924, 929 (5th Cir. 1992); Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). No facts are alleged to show any act or omission by Samuels, Chandler, or Burns that caused any violation of plaintiff's constitutional rights or that support a claim of supervisory liability against any of them.

The court's dismissal of plaintiff's claims is not meant to minimize his situation. Rather, as the Fifth Circuit noted, the court's intent is

> not meant to condone what happened to [plaintiff] or to suggest that jail officials have no duty to protect the inmates in their custody from assault by other inmates. But maintaining safe and orderly prison is a difficult task, and even the most vigilant oversight may not be able to prevent every incident. [The court] therefore allow[s] claims against prison officials only if there is a clear and substantial showing of fault, as reflected by the deliberate indifference requirement.

Brown v. Harris Cnty., Tex., 409 F. App'x 728, 731 n.7 (5th Cir. 2010).

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, William P. Lacey, against defendants, Samuels, Chandler, Burns, and all nursing personnel, in the above-captioned action be, and are hereby, dismissed with prejudice.

SIGNED March 4, 2014.

JOHN McBRYDE
United States District Judge

6